**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1155
_____

BENJAMIN T. COLLINS,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of a Final Order of the
Board of Immigration Appeals
No. A029-749-216
Immigration Judge: Jason L. Pope
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a) on
September 17, 2024

Before: RESTREPO, PHIPPS, McKEE, *Circuit Judges*

(Opinion filed: November 13, 2024)

_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

McKEE, *Circuit Judge*.

Benjamin T. Collins petitions for review of the Board of Immigration Appeals' decision affirming the denial of his application for deferral of removal under the Convention Against Torture.[1]  We will deny the petition for review.[2]

## I.

We review the agency's legal determinations *de novo* and factual findings for substantial evidence.[3]  The deferential substantial evidence standard means that "[t]he agency's 'findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'"[4]  While we primarily review the BIA's opinion, our review also comprises any portions of the IJ's opinion that the BIA adopts or substantially relies upon.[5]

## II.

To succeed on a CAT claim, an applicant must demonstrate a probability of torture in her home country.[6]  Collins's main argument centers on J.P.B., another Liberian

---

[1] The facts of this case are known to the parties and are recounted only to the extent necessary to explain the disposition of this case.
[2] We have jurisdiction to review the BIA's order under 8 U.S.C. § 1252(a)(1).
[3] *Nasrallah v. Barr*, 590 U.S. 573, 584 (2020); *Kang v. Att'y Gen.*, 611 F.3d 157, 163 (3d Cir. 2010).
[4] *Nasrallah*, 590 U.S. at 584 (quoting 8 U.S.C. § 1252(b)(4)(B)).
[5] *See Chukwu v. Att'y Gen.*, 484 F.3d 185, 189 (3d Cir. 2007) (explaining that "[o]nly the decision by the BIA is a final order of removal" subject to federal court review, except that "where . . . the BIA adopts the findings and reasoning of the IJ, the IJ's opinion forms the substance of the final order" and is reviewable) (internal citation and quotation marks omitted).
[6] *Myrie v. Att'y Gen.*, 855 F.3d 509, 515 (3d Cir. 2017).

2

national seeking CAT relief. According to Collins, J.P.B. may face retribution for having "provided information to the United States government about [former Liberian President George] Weah's involvement in a drug trafficking conspiracy."[7] Collins asserts that the same forces would also cause Collins to be targeted because he is J.P.B.'s relative.

The record undercuts this theory. As the BIA explained, Collins's mother and cousins, who also are relatives of J.P.B., returned to Liberia from the United States and did not face torture. Collins's mother in particular was raised by J.P.B.'s parents and calls J.P.B.'s father her "adopted father."[8] If family ties to J.P.B. were a basis for torture in Liberia, she presumably would have been a target.

Collins disputes the relevance of these facts, noting that unlike his mother and cousins, he would be a criminal deportee to Liberia who escaped child conscription. But Collins fails to explain why being J.P.B.'s relative would subject Collins to torture only when combined with his status as a criminal deportee who escaped child conscription.

Collins contends that remand to the BIA nonetheless is required due to developments in J.P.B.'s own immigration proceeding. While the IJ did consider J.P.B.'s proceeding, the BIA did not. Nor did the BIA adopt the IJ's reasoning in this respect. We therefore do not review the IJ's analysis of this issue.[9] In any event, the BIA's conclusions are unaffected by J.P.B.'s immigration proceeding. Even if J.P.B. were to

---

[7] Pet'r's Br. 1.
[8] A.R. 1059.
[9] *See Chukwu*, 484 F.3d at 189.

show that he *himself* faces torture, this would not undermine the BIA's conclusion that the evidence does not show a risk to J.P.B.'s extended family (i.e., Collins).[10]

### III.

Collins points to other potential sources of harm—the fact that he escaped from child-soldier conscription decades ago; his status as an American criminal deportee—and contends that the BIA failed to properly consider these sources in the aggregate.

The aggregation principle requires courts to evaluate whether "the cumulative probability of torture" from multiple independent sources is greater than fifty percent.[11] The IJ did conduct a thorough aggregation analysis, explaining that while the record showed "some risk of harm—but less than a fifty percent chance—from each possible source of torture," the aggregated risk from all sources remained less than fifty percent.[12] The BIA reiterated this analysis, noting that while Collins disagreed with the conclusion, he had not identified any flaw in the IJ's analysis. We agree. Collins's theories of harm all rely on "unsupported suppositions."[13]

---

[10] The government contends that Collins failed to exhaust this issue by not mentioning J.P.B.'s immigration proceeding in his brief to the BIA, although the government acknowledges that such failure would not raise a jurisdictional bar to our review. *See Santos-Zacaria v. Garland*, 598 U.S. 411, 416 (2023). Because the merits of J.P.B.'s CAT claim have no impact on the BIA's disposition of Collins's claim, we need not resolve whether Collins adequately raised this argument before the BIA.

[11] *Kamara v. Att'y Gen.*, 420 F.3d 202, 214 (3d Cir. 2005).

[12] A.R. 43.

[13] A.R. 3. These suppositions include that "his alleged persecutors would now be motivated to seek to harm him when they have not searched or threatened him since

**IV.**

Because substantial evidence supports the BIA's determination that Collins does not establish a likelihood of future torture, his CAT claim fails. We therefore need not reach the issue of acquiescence.[14]

For the above reasons, we will deny the petition for review.

---

1990"; that "his alleged persecutors would individually or collectively identify him as their target," where Collins points to no evidence that he would be identifiable as the individual who escaped child-soldier conscription in 1990; that "President Weah knows or would find out about [Collins's] familial relationship with [J.P.B.]" and target him; and that any mistreatment Collins could face from any of his identified sources of harm would rise to the level of torture. A.R. 44. Collins does not show that any of the potential sources of harm subject him to a likelihood of torture *at all*. It follows that Collins has not shown that these risk factors, in aggregate, suggest that it is more likely than not that he would face torture.

[14] *INS v. Bagamasbad*, 429 U.S. 24, 25–26 (1976) (holding no requirement "to arrive at purely advisory findings and conclusions as to statutory eligibility" for immigration relief when application fails for other reasons); *Rehman v. Att'y Gen.*, 757 F. App'x 180, 187 (3d Cir. 2018) (declining to review issue of acquiescence because petitioner "has not met his initial burden" of showing a likelihood of torture).